NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2837
_____

IN RE: THOMAS PETER GANNON,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-mc-00213)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 27, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges*.

(Filed: May 28, 2020)

_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Thomas Peter Gannon appeals an order suspending him from the practice of law in the Eastern District of Pennsylvania for two years.

The Pennsylvania Office of Disciplinary Counsel initiated disciplinary proceedings against Gannon in 2017. The following year, the Pennsylvania Disciplinary Board concluded that Gannon had violated several of Pennsylvania's Rules of Professional Conduct. These violations stemmed from Gannon's abuse of the Pennsylvania courts in an otherwise straightforward property dispute. According to the Board, Gannon turned a simple disagreement over $3,577.93 into an eight-year battle that cost his adversary $87,054.78 in legal fees. The Board recommended a five-year suspension, but the Pennsylvania Supreme Court suspended Gannon for two years.

Soon after the Pennsylvania Supreme Court suspended Gannon, the District Court issued an Order to Show Cause why it should not impose the same penalty. After reviewing written submissions and holding a hearing, a three-judge District Court panel recommended that the Court impose reciprocal discipline. The Court adopted the recommendation and suspended Gannon for two years.

In reciprocal disciplinary proceedings, district courts review the state record "for consistency with the requirements of due process, adequacy of proof and absence of any indication that imposing discipline would result in grave injustice." *In re Surrick*, 338 F.3d 224, 231 (3d Cir. 2003) (quoting *In re Jacobs,* 44 F.3d 84, 88 (2d Cir. 1994)). "We review district courts' decisions regarding the regulation of attorneys who appear before them for abuse of discretion." *Id.* at 229 (citation omitted).

Gannon claims the Disciplinary Board deprived him of due process by initiating proceedings against him without following the procedures in Pennsylvania Disciplinary Board Rule 87.7, which sets forth requirements for notifying an attorney of a complaint. He contends the Board acted outside its jurisdiction and failed to provide him the name and address of the complainant. But Rule 87.7 does not require disclosure of the complainant's information when the Office of Disciplinary Counsel itself initiates disciplinary proceedings. Pa. Disciplinary Bd. R. 87.7(b)(1). And the Board had jurisdiction to investigate Gannon on its own initiative, as it did here, pursuant to Pennsylvania Disciplinary Board Rule 87.1. So the District Court did not err in rejecting Gannon's due process arguments.

Gannon also argues the Disciplinary Board lacked sufficient evidence to prove he violated any Rules of Professional Conduct and that imposing reciprocal discipline would cause a grave injustice. We disagree. The District Court, in carrying out its duty to independently review the state disciplinary proceedings, performed a detailed review of the evidence supporting each violation of the Rules of Professional Conduct. Gannon failed to show "by clear and convincing evidence" the presence of a serious infirmity in the state proceedings. *In re Surrick*, 338 F.3d at 232 (quoting *In re Kramer*, 282 F.3d 721, 724–25 (9th Cir. 2002)). So the Court did not err in rejecting these claims either.

In sum, our "extremely limited" review of the District Court's reciprocal discipline determination leads us to agree with its conclusions. *Id.* at 232 (quoting *In re Abrams,* 521 F.2d 1094, 1101 (3d Cir. 1975)). Ample evidence supported the Pennsylvania

3

Supreme Court's decision to suspend Gannon, and the District Court did not abuse its discretion in imposing reciprocal discipline. We will affirm.